| | |
|---|---|
| MORRISON TENENBAUM PLLC<br>*Proposed Counsel to the Debtor*<br>87 Walker Street, Floor 2<br>New York, New York 10013<br>Phone: 212-620-0938<br>Lawrence F. Morrison, Esq. | **Hearing Date: January 12, 2017**<br>**Hearing Time: 11:30 a.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

213 BOND STREET, INC.,                             Chapter 11

          Debtor.                             Case No. 16-45132 (NHL)

---------------------------------------------------------------X

## APPLICATION IN SUPPORT OF AN
## ORDER DISMISSING THE CHAPTER 11 CASE

TO:    THE HONORABLE NANCY H. LORD
         UNITED STATES BANKRUPTCY JUDGE

213 Bond Street, Inc., the above-captioned debtor (the "**Debtor**"), by its undersigned counsel, submits this application (the "**Application**") in support of an Order pursuant to §1112(b) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), dismissing this chapter 11 case and respectfully represents and alleges:

    1.    On November 15, 2016, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

    2.    No official committee of unsecured creditors has been appointed in connection with the Debtor's case.

    3.    Debtor is the owner of real property located at 213 Bond Street, Brooklyn, NY 11217 whose case was filed as a result of an impending foreclosure.

4.  The Debtor has found a buyer and will sell the property for $1,000,000. The Debtor can now pay all claims in full, and the issue of foreclosure can be addressed outside of Chapter 11 bankruptcy.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this case and this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Referral of Cases to Bankruptcy Judges, dated July 10, 1984 (Ward, Acting C.J.). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for this motion are § 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017.

## DISCUSSION

6.  By way of this Application, the Debtor respectfully seeks an Order dismissing its chapter 11 case. A request for dismissal of a chapter 11 case is governed by § 1112(b) of the Bankruptcy Code, which provides, in pertinent part, that:

> On request of a party in interest…the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate for cause, including—
>
> (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
>
> (2) inability to effectuate a plan;
>
> \*\*\*

11 U.S.C. § 1112(b).

7.  Section 1112(b) of the Bankruptcy Code requires the court to conduct the following two-part analysis in determining whether to dismiss a chapter 11 case. First, as a threshold matter,

the court must determine whether cause for dismissal exists; and second, if cause is found, the court must then decide whether it is in the best interests of creditors to simply dismiss the case or to convert it to a chapter 7 case. *In re Hampton Hotel Investors, L.P.,* 270 B.R. 346, 358-59 (S.D.N.Y. 2001). It is well settled that a finding of "cause" for dismissal is not limited to the grounds set forth in the statute and the inquiry into what might constitute cause is a matter of judicial discretion to be determined on a case-by-case basis. *Id.; In re Adbrite Corp.,* 290 B.R. 209, 216 (Bankr. S.D.N.Y. 2003); *In re Court Living Corp.,* 1996 U.S. Dist. LEXIS 13588, *9 (S.D.N.Y. 1996). A bankruptcy judge has a tremendous amount of discretion upon engaging in its determination of whether the requisite cause exists to dismiss a chapter 11 case. *In re Roma Group, Inc.,* 165 B.R. 779, 781 (S.D.N.Y 1994); *In re Reichert,* 138 B.R. 522 (Bankr. W.D. Mich. 1992). In keeping with the same, the Court in *In re HBA East, Inc.,* 87 B.R. 248 (Bankr. E.D.N.Y 1988), stated:

> The precise perimeters of "cause" are intentionally omitted from the statute so as to afford maximum flexibility and, among other things, to enable a bankruptcy court to dismiss a Chapter 11 case for any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy reorganization process.

87 B.R. at 258.

8. Similarly, the "best interests of creditors" is not defined in the Bankruptcy Code and is a matter committed to the discretion of the court requiring consideration of the "totality of facts and circumstances of the individual case." *Hampton Hotel,* 27 B.R. at 359. In conducting this analysis, the court evaluates the alternatives and chooses the one that would be most advantageous to the estate as a whole. *Id.* Any or all of the following factors are relevant in determining whether conversion or dismissal is in the "best interests of creditors":

(i) whether some creditors received preferential payments, and whether equality of distribution would be better served by

          conversion rather than dismissal;

(ii)      whether there would be a loss of rights granted in the case if it were dismissed rather than converted;

(iii)     whether the debtor would simply file a further case upon dismissal;

(iv)     the ability of the trustee in a Chapter 7 case to reach assets for the benefit of creditors;

(v)      in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise;

(vi)     whether any remaining issues would be better resolved outside the bankruptcy forum;

(vii)    whether the estate consists of a single asset; and

(viii)   whether the debtor had engaged in misconduct and whether creditors are in need of a Chapter 7 case to protect their interests.

*Id.* (citing 7 Lawrence P. King, *et al., Collier on Bankruptcy,* P. 1112.04(6) (15th ed. revised 2006).

9.     Turning now to the instant case, it is respectfully submitted that cause exists for the requested dismissal of this chapter 11 case. By way of example, the Debtor has found a buyer for the property and can pay all claims in full. The issue of foreclosure can be addressed outside the Bankruptcy Court. Consequently, in accordance with the applicable statutory provisions and case law, the Court should immediately dismiss the Debtor's Chapter 11 case.

## **NOTICE**

10.    Notice of this Application has been served upon: (a) the United States Trustee; (b) all creditors of the Debtor; (c) all relevant taxing authorities; and (d) all creditors who have served on the Debtor and have filed with the Court a request for notice in this Chapter 11 case. The Debtor respectfully submits that no other or further service or notice is necessary or appropriate.

## **CONCLUSION**

11. Based upon the foregoing, the Debtor respectfully requests than an Order be entered, pursuant to § 1112(b) of the Bankruptcy Code, dismissing this chapter 11 proceeding, with prejudice and granting such and other and further relief as this Court deems just and proper.

12. No prior application for the relief sought herein has been made by the Debtor in this or any other court.

Dated: New York, New York
November 30, 2016

                                          MORRISON TENENBAUM PLLC

                                          By: */s/ Lawrence Morrison*
                                                Lawrence Morrison
                                                87 Walker Street, Floor 2
                                                New York, New York 10013
                                                Tel.: (212) 620-0938
                                                *Counsel for the Debtor*