Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI, LLP**
Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000
dpick@picklaw.net

Hearing Date: To Be Determined
Time: To Be Determined

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:                                                           Chapter 11
213 BOND STREET, INC.,                    Case No. 16-45132(NHL)

                               Debtor.
-------------------------------------------------------x

## DEBTOR'S APPLICATION FOR AN ORDER, PURSUANT TO 11 U.S.C. §§105(a) AND 363(b), (f) AND (m) AND FED. R. BANKR. P. 6004, AUTHORIZING AND APPROVING SALE OF DEBTOR'S REAL PROPERTY, FREE AND CLEAR OF ALL LIENS, ENCUMBRANCES AND INTERESTS, SUBJECT TO HIGHER AND BETTER OFFERS, AND GRANTING RELATED RELIEF

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

           213 Bond Street, Inc., the debtor and debtor-in-possession herein (the "Debtor"), as

and for its application (the "Application") for entry of an Order, pursuant to §§105(a) and 363(b), (f)

and (m) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal

Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Bankruptcy Rule 6004-1,

authorizing and approving the Debtor's proposed sale of its real property located at 213 Bond Street,

Brooklyn, New York 11217, Block 405, Lot 7 (the "Property"), free and clear of all liens,

encumbrances and interest, to 213 BS Holdings LLC (the "Purchaser"), for the purchase price of

$1,125,000, pursuant to the terms of a certain proposed Contract of Sale With Leaseback, a copy of

which is attached hereto as *Exhibit "A"* (the "Contract"), but subject to any higher or better offers, and granting related relief, respectfully represents and alleges as follows:

## BACKGROUND

1.      On November 15, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was simultaneously entered.  As of the Petition Date, the Debtor was authorized to remain in possession of its property and operate its business as a debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.  No trustee, custodian or receiver was appointed, and no committee of creditors was formed.

2.      The Debtor is the fee owner of certain real property located at 213 Bond Street, Brooklyn, New York 11217, Block 405, Lot 7 (the "Property").  The Property consists of a 20' x 75' lot with a four (4) unit building situated thereon.  The Property is presently encumbered by, at a minimum, a first mortgage lien held by JPMorgan Chase Bank, N.A. ("Chase") (approximately $330,000)[1], a second mortgage lien held by Wells Fargo Bank, N.A./ The U.S. Small Business Administration (approximately $285,000), and a mezzanine lien/security interest held by Promover Capital LLC (in the principal amount of $200,000) securing amounts which total approximately $815,000.  The Debtor also owes real estate taxes in connection with the Property which totaled approximately $45,000 as of January 3, 2017.

3.      On March 1, 2017, the Debtor filed its proposed First Amended Chapter 11 Plan of Reorganization (the "Plan"), and corresponding proposed Disclosure Statement.  Briefly,

---

[1] On January 5, 2016, Chase commenced an action in the Supreme Court of the State of New York, County of New York, titled *JPMorgan Chase Bank, N.A. v. 213 Bond Street, Inc., et al.*, Index No. 500077/2016, seeking to foreclose the first mortgage against the Property (the "Foreclosure Action").  The Debtor appeared in and contested the Foreclosure Action. As a result of the Debtor's chapter 11 filing, further proceedings in the Foreclosure Action (including the entry of any judgment of foreclosure and sale) were stayed.

the Plan provides for the full payment of all of the Debtor's pre and post-Petition Date obligations, with applicable interest, if any. The Plan further provides for Paolo Secondo's retention of his equity interests in the Debtor. The Plan is proposed to be implemented by way of a post-confirmation sale of the Property.

## THE PROPOSED SALE OF THE PROPERTY

4.      Both prior to and after the Petition Date, the Debtor, with the assistance of its professionals (including Friedman-Roth Realty Services LLC ("FRRS") which was retained as the Debtor's exclusive real estate broker pursuant to an Order of this Court), has been working to find a suitable purchaser for the Property in the hopes of obtaining a purchase offer which would generate sufficient funds to satisfy the liens and obligations against the Property and result in a distribution to unsecured creditors. As a result of those efforts, the Debtor was introduced to the Purchaser by FRRS and extensive arms-length negotiations with the assistance of independent counsel ensued as to mutually agreeable terms of a sale of the Property. The Debtor and the Proposed Purchaser subsequently entered into the Contract.

5.      Without limiting the detail provided therein, the material terms of the Contract can be summarized as follows:

(a)     The Purchaser will pay the sum of $1,125,000 in consideration of the Debtor's conveyance of its interests in the Property free and clear of all liens and encumbrances;

(b)     The Purchaser, as landlord, will leaseback the Property to the Debtor, as tenant, for a seven (7) year term subject to the terms of an agreed upon "Triple Net Lease", a copy of which is attached to and made part of the Contract as Exhibit "A";

(c)     The proposed sale for "all cash" and is not subject to any mortgage contingency;

3

(d)     The proposed sale is not subject to any conditions other than good and marketable title;

(e)     The Property is being sold "As Is";

(f)     The Purchaser has remitted a good faith deposit in the amount of $112,500.00 which is currently being held in escrow by the Debtor's counsel and will be applied to the amounts payable at closing; and

(g)     A brokerage commission equal to 5% of the purchase price, i.e., $56,250, is proposed to be paid by the Debtor in connection with the sale.

6.     The Debtor believes that the proceeds of the sale of the Property under the Contract will be sufficient to satisfy all of its pre and post-Petition Date obligations as provided for under the plan. Accordingly, the Debtor believes that the Purchaser's offer for the Property is fair and reasonable and that approval thereof would be appropriate under the circumstances. The Purchaser has no affiliation with the Debtor or any insider of the Debtor. Other than the Debtor and the Purchaser, no other individuals or entities stand to benefit from the proposed sale. There is no prejudicial connection or affiliation between the Debtor and the Purchaser and the proposed sale was fully and adequately negotiated with the assistance of independent counsel. Thus, the Debtor avers that the proposed sale of the Property to the Purchaser is at arms-length.

7.     The Purchaser's $1,125,000 offer for the Property remains subject to any higher or better offers. As such, simultaneously with its filing of this Application, the Debtor is filing a separate motion (the "Bid Procedures Motion") with this Court seeking the entry of an Order, pursuant to Bankruptcy Rules 2002, 6004 and 9006 and Local Bankruptcy Rule 6004-1, establishing bidding and noticing procedures, and scheduling auction and hearing dates, in connection with the Debtor's proposed sale of the Property.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this case and this Motion pursuant to 28

U.S.C. §§157 and 1334.  Consideration of this Motion is a core proceeding pursuant to 28 U.S.C.

§157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.  The statutory

predicates for the relief sought herein are§§105(a) and 363(b), (f) and (m) of the Bankruptcy Code

and Bankruptcy Rule 6004.

## RELIEF REQUESTED

9.      By this Motion, the Debtor seeks this Court's authorization and approval of

its proposed sale of the Property to the Purchaser upon the terms of the Contract.

10.      Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a

debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of

business, property of the estate…"  In order to approve the sale of estate property outside of the

ordinary course of business, the bankruptcy judge must "find from the evidence presented before him

at the hearing a good reason to grant such an application."  Committee of Equity Security Holders v.

Lionel Corp.  (In re Lionel Corp.), 722 F. 2d 1063, 1071 (2d Cir. 1983); see also Stephens Indus. v.

McClung, 789 F.2d 386, 390 (6th Cir. 1986) ("[B]ankruptcy court can authorize a sale of all of a

Chapter 11 debtor's assets under § 363(b)(1) when a sound business purpose dictates such action.").

"[T]he standards for allowance of a pre-confirmation sale pursuant to § 363(b)(1) are that the sale

proponent must show not only that there is both a 'sound business purpose' why the sale should be

allowed to take place outside of the ordinary course…but that the proponent must also make a strong

showing that all of the requirements for any § 363(b)(1) sale are met."  In re Industrial Valley

Refrigeration and Air Conditioning Supplies, Inc., 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987) (citations

omitted). "These elements are the provision of accurate and reasonable notice; a showing that the price to be paid is adequate, *i.e.,* fair and reasonable; and establishing that 'good faith', *i.e.,* the absence of any lucrative deals with insiders, is present." Id. It is clear that a debtor's showing of a sound business justification need not be unduly exhaustive but, rather, a debtor is "simply required to justify the proposed disposition with sound business reason." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D.Ohio 1984).

11.    The Debtor respectfully submits that the proposed sale of the Property under the terms of the Contract represents a sound exercise of business judgment by the Debtor and that consummation thereof would be in the best interests of the estate. As discussed above, both prior to and after the Petition Date, the Debtor has been actively soliciting offers for the Property. The Debtor believes that the amounts proposed to be paid under the Contract represent the reasonable value of the Property under the circumstances, including the current depressed state of the real estate market, the existence of the pending Foreclosure Action regarding the Property, the substantial mortgages and liens asserted against the Property and the continuing accrual of interest and other charges relating to said mortgages and liens.

12.    The proposed sale represents the best possible means for the Debtor, its creditors (who are few in number and primarily hold secured and priority unsecured claims) and its estate to recover the value of the Property under the circumstances. In this regard, the proceeds of the sale of the Property will be utilized to satisfy all claims against the Debtor, with applicable interest, as provided for under the Plan. Thus, the Debtor respectfully requests that the Court approve the proposed sale of the Property to the Purchaser or such other bidder that may make a higher or better bid therefor at the auction.

13.    With regard to any encumbrances against property proposed to be sold by a

debtor, §363(f) of the Bankruptcy Code provides:

> The [debtor-in-possession] may sell property under subsection (b) or (c) of this
> section free and clear of any interest in such property of an entity other than the
> estate, only if -
>
> (1)    applicable nonbankruptcy law permits sale of such property
>        free and clear of
>        such interest;
>
> (2)    such entity consents;
>
> (3)    such interest is a lien and the price at which such property is
>        to be sold is greater than the aggregate value of all liens on
>        such property;
>
> (4)    such interest is in bona fide dispute; or
>
> (5)    such entity could be compelled, in a legal or equitable
>        proceeding, to accept a money satisfaction of such interest.

14.    The Debtor respectfully submits that the requirements of §363(f) are or will be

satisfied as of the date that the sale of the Property closes.  All liens, claims and encumbrances

against the Property will be paid at closing or shall attach to the proceeds of the proposed sale.

15.    Moreover, the Debtor requests that this Court find that the Purchaser (or any

successful bidder) be afforded the protections provided by §363(m) of the Bankruptcy Code in

connection with the proposed sale which provides, in pertinent part:

> The reversal or modification on appeal of an authorization under
> subsection (b). . .of this section of a sale. . .of property does not affect
> the validity of a sale. . .under such authorization to an entity that
> purchased. . .such property in good faith, whether or not such entity
> knew of the pendency of the appeal, unless such authorization and
> such sale. . .were stayed pending appeal.

Although the Bankruptcy Code does not define "good faith purchaser", the Court of Appeals for the Second Circuit has stated that good faith is shown by the integrity of a purchaser's conduct during the course of the sale proceedings.  <u>Licensing by Paolo v. Sinatra</u> (<u>In re Gucci</u>), 126 F.3d 380, 390 (2d Cir. 1997).  Respectfully, and as required by §363(m) of the Bankruptcy Code, the Debtor and the Purchaser have acted in good faith in negotiating the proposed sale.

<b><u>CONCLUSION</u></b>

16.    Based upon the foregoing, it is respectfully requested that this Application be granted in its entirety along with such other and further relief as may be just and proper.

Dated: New York, New York
      June 26, 2017

**PICK & ZABICKI LLP**
Counsel to the Debtor

By: _____
     Douglas J. Pick
     369 Lexington Avenue, 12th Floor
     New York, New York 10017
     (212) 695-6000